Prob12B
D/NV Form
Rev. June 2014

# United States District Court
## for
## the District of Nevada

**REQUEST FOR MODIFICATION
TO CONDITIONS OF SUPERVISION WITH CONSENT OF OFFENDER**
*Probation Form 49 (Waiver of Hearing) is Attached*
**February 27, 2023**

Name of Offender: **Steven Eddy Dunham**

Case Number: **2:18CR00176**

Name of Sentencing Judicial Officer: **Honorable Andrew P. Gordon**

Date of Original Sentence: **December 12, 2019**

Original Offense: **Possession of Child Pornography**

Original Sentence: **52 Months prison followed by lifetime of supervised release**

Date Supervision Commenced: **February 8, 2022**

Name of Assigned Judicial Officer: **Honorable Andrew P. Gordon**

## PETITIONING THE COURT

☒ To modify the conditions of supervision as follows:

**Minor Prohibition** – You must not have direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

RE: Steven Eddy Dunham

Prob12B
D/NV Form
Rev. June 2014

## CAUSE

Dunham commenced supervision on February 8, 2022. Dunham quickly secured employment and has obtained his own apartment since his release. On May 3, 2022, the undersigned officer notified you in a violation report (12A) that Dunham violated his release conditions by access and viewing adult pornography sites.

Since, the undersigned believed that Dunham was compliant with his supervision. On January 23, 2023, Dunham was subjected to a polygraph examination. Dunham showed deception when asked about associating with a minor. Following the exam, the polygrapher and the probation officer questioned Dunham on the deception shown toward that question.

Dunham stated that he was helping a co-worker repair a vehicle and when that coworker came to pick up Dunham, the coworker's 17-year-old son was in the vehicle. Dunham reportedly rode in the vehicle with the driver and his son, but both Dunham and the father of the boy claim the boy was in the back seat during the drive and was engaged in social media, while Dunham sat in the front of the vehicle with the driver.

The probation officer corroborated the story with the coworker and the story seems to be true, and if the story is true, it does in fact constitute a violation of his sex offender and "place restriction"- Children Under 18 Conditions, but it would not be a very egregious violation, given the age of the child and the coworker having prior knowledge of Dunham's offense. The probation officer is concerned however that this story could be used to cover up or explain away deception if another incident involving minors could potentially occur.

The probation officer scheduled a second polygraph examination on February 22, 2023. Dunham was asked once again if he had been alone with or associated with a minor, outside of the incident detailed in the paragraph above. Dunham failed the polygraph once again. The officer met with Dunham on February 23, 2023. Dunham adamantly denies any further contact with a minor and the officer can find no other evidence to corroborate further violations. The probation officer recommends a more robust minor prohibition condition that is consistent with typical District of Nevada practices. Dunham has agreed to the modification. The probation form 49, waiver of hearing is attached for Your Honor's review.

Respectfully submitted,

Steve M Goldner
Senior United States Probation Officer

RE: Steven Eddy Dunham

Prob12B
D/NV Form
Rev. June 2014

Approved:

_Todd Fredlund_  Digitally signed by Todd Fredlund
Date: 2023.02.27 12:09:28 -08'00'

Todd J. Fredlund
Supervisory United States Probation Officer

### THE COURT ORDERS

☐  No Action.

☐  The extension of supervision as noted above.

☑  The modification of conditions as noted above

☐  Other (please include Judicial Officer instructions below):

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------

_signature_
Signature of Judicial Officer

February 28, 2023
Date

PROB 49
(3/89)

# UNITED STATES DISTRICT COURT

### District of Nevada

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. **Minor Prohibition** – You must not have direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, not including your own children, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

Witness _____  Signed _____
U.S. Probation Officer           Probationer or Supervised Releasee
Steve Goldner                    Steven Dunham

_____
Date